IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>A VEHICLE, GENERALLY )<br>DESCRIBED AS A 2011 BMW X6 )<br>SPORTS UTILITY SUV, SEIZED IN )<br>ANKENY, IOWA, )<br>)<br>Defendant. ) | Civil No. 4:25-cv-00171<br><br><br><br>VERIFIED COMPLAINT FOR<br>FORFEITURE IN REM |

Plaintiff, the United States of America, hereby files and serves this VERIFIED COMPLAINT IN REM and alleges as follows:

## I.   NATURE OF THE ACTION

1. This is an action to forfeit and condemn specific property (hereinafter the "Defendant Property") to the use and benefit of the United States of America (hereinafter "Plaintiff") for its involvement, as set forth below, in violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846, and violations of 18 U.S.C. §§ 922, 924, and 1715.

2. The Defendant Property is forfeitable pursuant to 21 U.S.C.§ 881(a)(4) as a vehicle used to transport, or used in any manner to facilitate the transportation, sale, receipt, possession of a controlled substance.

3. The Defendant Property is believed to be forfeitable pursuant to 21 U.S.C. § 881(a)(6) as a thing of value traceable to proceeds traceable to one or more exchanges of controlled substances.

## II.   DEFENDANT IN REM

4. The Defendant Property is described more specifically as follows:

**a White 2011 BMW, Model X6, Sport Utility SUV, VIN: 5UXFG8C51BLZ95688**.

The details of its seizure are discussed below.

### III.   JURISDICTION AND VENUE

5.   The Court has jurisdiction over this civil action commenced by Plaintiff under 28 U.S.C. § 1345 and over this action for forfeiture under 28 U.S.C. § 1355(a).

6.   The Court has in rem jurisdiction and venue over the Defendant Property under 28 U.S.C. §§ 1355(b)(1)(A)–(B) and 1395(b)–(c) because acts or omissions giving rise to the forfeiture occurred in this district and because the Defendant Property was found in or was brought into this district.

### IV.   APPLICABLE STATUTES

7.   The Controlled Substances Act was enacted by Congress as Title II of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. No. 91-513, 84 Stat. 1236 (1970) (codified at 21 U.S.C. §§ 801–904).

8.   The term "controlled substance" is defined in 21 U.S.C. § 802(6) to mean a drug or other substance, or immediate precursor, included in any of the five schedules of such substances set forth in subchapter I of Title 21.

9.   Schedule II substances have a high potential for abuse, the controlled substances have a currently accepted medical use in treatment in the United States or a currently accepted medical use with severe restrictions, but use of a Schedule II controlled substance may lead to severe psychological or physical dependence. 21 U.S.C. § 812(b)(2)(A)-(C);  21 C.F.R. § 1308.12(b)(4).

10. Methamphetamine is a Schedule II controlled substance. 21 U.S.C. § 812, Sched. II(a)(4).

11. Under the Controlled Substances Act, it is unlawful to distribute, dispense, or possess with intent to distribute a controlled substance unless authorized by law to do so. 21 U.S.C. § 841(a)(1).

12. Under the Controlled Substances Act, it is unlawful to use any communications facility such as the mail to distribute or facilitate the distribution of controlled substances. 21 U.S.C. § 843(b).

13. Under the Controlled Substances Act, is unlawful to attempt or conspire to distribute, dispense, or possess with intent to distribute controlled substances. 21 U.S.C. § 846.

## V. ALLEGED FACTS

### A. The Criminal Case

14. On April 4, 2023, Janar Michelle Parks (hereinafter "PARKS"), waived indictment and was charged by Information with one Count of conspiracy to distribute a controlled substance in the U.S. District Court for the Southern District of Iowa.

15. On July 17, 2023, PARKS' husband, Willie Jay Lee (hereinafter "LEE"), waived indictment and was charged by Information with one Count of conspiracy to distribute a controlled substance in the U.S. District Court for the Southern District of Iowa. *United States v. Janar Michelle Parks, et al*, Crim. No. 4:21-CR-00164 (S.D. Iowa).

16. On April 28, 2023, PARKS pled guilty.

17. PARKS was sentenced on September 28, 2023, to 96 months' in federal prison.

18. On July 17, 2023, LEE pled guilty.

19. LEE was sentenced on December 19, 2023, to 168 months' in federal prison.

### B. The Offense Conduct

20. LEE and PARKS conspired between to distribute over 70,000 grams (70 kilograms) of methamphetamine mixture in the Southern District of Iowa and elsewhere.

21. As part of the conspiracy, PARKS sold one pound of methamphetamine to a customer for $3,500 in Altoona, Iowa, on June 16, 2021.

22. PARKS drove the Defendant Property from the 11000 block of Eidelweiss Street, NW, Coon Rapids, Minnesota, to Altoona, Iowa, where she sold the methamphetamine to her customer.

23. PARKS and LEE lived in Coon Rapids, Minnesota.

24. The Defendant Property was used to transport the methamphetamine.

25. When PARKS was arrested at the Comfort Inn and Suites in Ankeny, Iowa, shortly after the June 30, 2021, drug deal, she was found to have four bundles of methamphetamine, weighing 2.08 kilograms, and five baggies, weighing 4.62 kilograms, in her hotel room. A photograph of the five baggies is produced below.



26. PARKS used the Defendant Property to transport the methamphetamine.

27. PARKS was first interviewed by DEA agents on June 30, 2021.

28. The DEA agents informed PARKS of her *Miranda* rights, and she voluntarily waived them and agreed to be interviewed.

29. During this interview, PARKS stated that LEE had purchased the Defendant Property for her.

30. PARKS was subsequently interviewed by DEA agents on August 19, 2021.

31. During the interview, PARKS reiterated that LEE bought the Defendant Property for her in approximately December 2020 or January 2021.

32. PARKS stated LEE paid $9,000 cash for the Defendant Property when they purchased it.

33. PARKS claimed, without proof, that she had gifted the Defendant Property to her sister "not too long ago." She then said her sister might have paid some money for the Defendant Property.

C. Other Facts Pertinent to the Forfeiture

34. After seizing it, the DEA initiated an attempted administrative forfeiture of the Defendant Property.

35. On February 5, 2025, DEA received from PARKS a "Petition to Stop Forfeiture of the Property."

36. In PARKS' petition, she claimed the Defendant Property was registered to "Stephanie Hall", who later sold it to Coleman Automotive (hereinafter "COLEMAN"), who she claimed owned the Defendant Property.

37. On February 18, 2025, a Maurice Coleman filed a claim with the DEA asserting he was the owner of the Defendant Property that he stated was "impounded" by the DEA.

38. The Defendant Property was not "impounded," but was seized by the DEA for forfeiture in 2021, due to its use in trafficking methamphetamine.

39. The "Minnesota Motor Vehicle Registration" COLEMAN sent with his claim stated "Coleman Automotive, LLC" was the registered owner of the Defendant Property, as of October 10, 2023, or over two years after it was seized by the DEA.

40. "Coleman Automotive, LLC" did not file a claim to the Defendant Property.

41. The registration asserted Coleman Automotive, LLC's address was 740 E. 17th Street, Minneapolis, Minnesota.

42. The application asserted Coleman Automotive, LLC's address was 740 E. 17th Street, Minneapolis, Minnesota.

43. The BMW was purchased by Parks in 2021 and registered in the name of Stephanie Renee Hall on February 17, 2021.

44. A paper title was issued to Hall on April 1, 2021, and she received her registration decal in July 2021.

45. The "Application to Title/Register a Vehicle" Coleman submitted to the DEA claimed Coleman Automotive, LLC acquired the Defendant Property on June 11, 2021, or before it was seized by the DEA.

46. The State of Minnesota "Certificate of Title" COLEMAN submitted to the DEA stated "Stephanie Hall" transferred title to the Defendant Property to "Coleman Automotive" on June 11, 2021.

47. Furthermore, PARKS was convicted in 2011 of providing false information to law enforcement by illegally having and using a state identification card stating that she was Stephanie Hall.

48. Law enforcement officers know from training and experience that drug traffickers often title vehicles they own in the names of other people in order to try and thwart their forfeiture if they are caught, and to try and disassociate themselves from the vehicles.

49. The certificate was file stamped October 10, 2023, or more than two (2) years after the DEA seized the Defendant Property from PARKS.

50. "Stephanie Hall" is an alias PARKS has used in the past.

51. The Secretary of State of Minnesota has no listing for a Coleman Automotive, LLC.

52. If a legitimate car dealer had purchased the Defendant Property on June 11, 2021, it would not have been in the possession of PARKS on June 16, 2021, when she was using it to sell methamphetamine.

53. Car dealers typically take immediate possession of vehicles they purchase.

54. If a legitimate car dealer purchased the Defendant Property in June 2021, it would not wait until 2023 to get title to the car.

55. If a legitimate car dealer purchased the BMW in June 2021, it would not wait until 2023 to register it.

56. If a legitimate car dealer purchased the BMW in June 2021, it would not wait until 2025 to try and get it back.

57. The alleged business address on the paperwork COLEMAN provided for Coleman Automotive, LLC of 740 E. 17th Street, Minneapolis, Minnesota, is the

location of the Catholic Charities – Mary F. Frey Adult Opportunity Center/ Housing Stability Division, not for Coleman Automotive, LLC. A photo of the location is included below.



58. The United States has incurred approximately $12,000 in storage fees from August 27, 2021, until the date this claim was filed for the Defendant Property COLEMAN claims belongs to him.

## VI.  COUNT ONE
### FORFEITURE UNDER 21 U.S.C. § 881(a)(4)

59. Plaintiff repeats and realleges each and every allegation set forth above.

60. Plaintiff believes the totality of the evidence proves the Defendant Property is forfeitable pursuant to 21 U.S.C.§ 881(a)(4) as a vehicle used to transport, or used in any manner to facilitate the transportation, sale, receipt, possession of a controlled substance.

61. As a result of the foregoing, the Defendant Property is liable to condemnation and forfeiture to Plaintiff pursuant to 21 U.S.C. § 881(a)(4).

## VII.   COUNT TWO
## FORFEITURE UNDER 21 U.S.C. § 881(a)(6)

62.   Plaintiff repeats and realleges each and every allegation set forth above.

63.   Plaintiff believes the totality of the evidence proves the Defendant Property is forfeitable pursuant to 21 U.S.C. § 881(a)(6) as a thing of value traceable to proceeds traceable to one or more exchanges of controlled substances.

64.   As a result of the foregoing, the firearms included as Defendant Property is liable to condemnation and forfeiture to Plaintiff pursuant to 21 U.S.C. § 881(a)(11).

## VIII.   CONCLUSION

WHEREFORE, Plaintiff requests the foregoing property be civilly forfeited and such other relief to which it is entitled under applicable law.

> Respectfully Submitted,
>
> Richard D. Westphal
> United States Attorney
>
> By: */s/ Craig Peyton Gaumer*
> Craig Peyton Gaumer
> Assistant United States Attorney
> U.S. Attorney's Office
> 210 Walnut Street, Suite 455
> Des Moines, Iowa 50309
> Tel: (515) 473-9300
> Fax: (515) 473-9292
> Email: craig.gaumer@usdoj.gov

**VERIFICATION**

I, Nicholas R. Aeschliman, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration (DEA), and that I have read the foregoing Verified Complaint and know the contents thereof and the matters contained in the Verified Complaint are true to my own knowledge, except for those matters not within my own personal knowledge and as to those matters, I believe them to be true. The sources of my knowledge and information and the grounds for my belief are the official files and records of the DEA, and information provided to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent.

Date: May 15, 2025

*Nicholas Aeschliman*
_____
Nicholas R. Aeschliman
Special Agent,
Drug Enforcement Administration